UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

STEVEN KEITH DONOGHUE,

        Plaintiff,        6:13-cv-01675-TC

        v.        FINDINGS AND RECOMMENDATION

SRCI SUPT. MARK NOOTH, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC) and at all times relevant to this action housed at the Snake River Correctional Institution (SRCI), filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his 8th Amendment rights by inflicting cruel and unusual punishment.

On September 17, 2011, plaintiff assaulted another

1 - FINDINGS AND RECOMMENDATION

inmate. Defendants Mena, Sheppard and Arnold investigated the incident and interviewed plaintiff. Defendant Serrano, a Correctional Hearings Officer, relied on confidential informants at plaintiff's disciplinary hearing and assessed sanctions against plaintiff.

Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that on September 19, 2011, he was "assaulted" by defendants Mena, Sheppard and Arnold. Plaintiff further alleges that he was falsely imprisoned for 120 days by defendant Serrano and that defendant Hicks lied to him about his right to file grievances. Complaint (#2), p. 4.

Defendants now move for summary judgment on various grounds. Defendants' Motion for Summary Judgment (#30).

Although SRCI Superintendent Mark Nooth is named as a defendant, plaintiff has not made any factual allegations concerning Nooth. Plaintiff apparently seeks to hold defendant Nooth liable in his capacity as supervisor of the other defendants.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

It is well settled that *respondeat superior* is not a proper basis for liability under 42 U.S.C. § 1983. A

2 - FINDINGS AND RECOMMENDATION

supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Plaintiff has not alleged any facts that would subject defendant Nooth to liability under these principles, and Nooth is therefor entitled to judgment as a matter of law.

The Prison Litigation Reform Act requires that prisoners exhaust available administrative remedies before bringing a federal action concerning prison conditions. Porter v. Nussel, 534 U.S. 515, 531-32 (2002); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). Inmates are required to exhaust *all* grievance remedies before filing a Section 1983 action, including appealing the grievance decision to the highest level within the grievance system. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); McKinney

3 - FINDINGS AND RECOMMENDATION

v. Carey, 311 F.3d 1198 (9th Cir. 2002). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting Woodford, 548 U.S. at 88).

The record reflects that plaintiff filed grievances against defendants Sheppard, Arnold and Mena. However, he did not pursue the grievances through the second level of the grievance appeal process. Declaration of James Taylor (#31) p. 4; see also, Declaration of Marian Geils (#32).

Petitioner acknowledges he did not exhaust the "second stages of the grievances simply because he did not know there was a 2nd appeal." Plaintiff's Opposition (#40) p. 2. Plaintiff also cites Jones v. Bock, 459 U.S. 199 (2007), for the proposition that "prisoners do not need to show in their complaint that they have exhausted the grievance procedures."

Plaintiff's claim that he was unaware of the second tier of the appeals process does not excuse his failure to meet the PLRA's exhaustion requirement. All information necessary for plaintiff to complete his grievance process was provided to him. Inmates are advised of the grievance process at their

4 - FINDINGS AND RECOMMENDATION

Admission and Orientation class. Declaration of James A. Taylor (#31) p. 2. In addition, information about the grievance process, including appeals and second level appeals, is included on the Inmate Grievance Instructions, which are attached to each grievance form. *Id.* This information is also available in the Inmate Handbook, which is issued to each inmate upon his arrival at the institution. *Id.* Moreover, plaintiff has taken at least one grievance through the second level appeal. Declaration of Marian Geils (#32) p. 2.

Plaintiff's reliance on James v. Bock is misplaced. That case holds that exhaustion is an affirmative defense and that prisoners do not have to plead exhaustion. However, it also makes clear that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, *supra* 549 U.S. at 211.

There is no issue of fact that plaintiff did not exhaust administrative remedies as to any of the claims in this proceeding. Therefore, on that basis alone, defendants are entitled to judgment as a matter of law.

Assuming *arguendo* that plaintiff could establish exhaustion or that the exhaustion requirement was for some reason excused under the circumstances of this case, I find that defendants are entitled to judgment as a matter of law for the following reasons.

5 - FINDINGS AND RECOMMENDATION

Although plaintiff alleges that defendant Mena, Sheppard and Arnold "assaulted" him, plaintiff's grievances against these defendant indicate that the "assault" was verbal. Plaintiff's grievances allege that these defendants "viciously interrogated and barked at" him, yelled at him, called him a "bully," and told him that no one at the facility liked him. See, Declaration of James A. Taylor, Attachments 4, 5 and 6. The un-controverted declarations of these defendants establish that at no time did they hit, strike or use any force against plaintiff, approach him in an aggressive manner, or have any physical interaction with him. See, Declaration of Douglas Sheppard (#35); Declaration of Aaron Arnold (#36); Declaration of John Mena (#37).

The Eighth Amendment proscribes punishments which involve the "unnecessary and wanton infliction of pain," are grossly disproportionate to the severity of the crime for which the inmate was imprisoned, or are totally without penological justification. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gregg v. Georgia, 428 U.S. 153, 173 (1976).

Verbal harassment or abuse does not give rise to a claim under the Eighth Amendment. Watson v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012); Somers v. Thurman, 109 F.2d 614, 622 (9th Cir. 1997); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Guat v. Sunn, 810 F.2d 923, 925 (9th Cir.

1987)("[I]t trivializes the Eighth Amendment to believe that a threat constitutes a constitutional wrong."].

Plaintiff's Eighth Amendment claim against defendants Sheppard, Arnold and Mena based on their investigation interview with plaintiff fails as a factual matter and these defendants are entitled to judgment as a matter of law.

Plaintiff alleges that defendant Serrano "falsely imprisoned" him for 120 days. Plaintiff's allegation in this regard presumably arises out of the disciplinary sanction imposed by defendant Serrano and is construed as a claim for violation of plaintiff's Fourteenth Amendment due process rights.

Due process requirements for an inmate at a disciplinary hearing were established in Wolff v. McDonnell, 418 U.S. 539, 560 (1979) as follows. The inmate must (1) have an opportunity to appear before the decision making body, (2) have staff representation if he wishes, (3) have written notice of the charge against him in advance of the hearing;, (4) have conditional opportunity to present witnesses and documentary evidence, and (5) have a written statement of the evidence relied upon and the reasons for the sanction taken. Wolff v. McDonnell, supra at 563-73; see also, Meachum v. Fano, 427 U.S. 215 (1976) Sandin v. Conner, supra, and 28 CFR 541.15 (a) - (c). Judicial review of a prison disciplinary

7 - FINDINGS AND RECOMMENDATION

action is limited to whether the requirements set forth in <u>Wolff v. McDonnell</u> were met and whether there is "some" evidence to support the finding. <u>Superintendent v. Hill</u>, 472 U.S. 445. 454 (1985); <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1287 (9th Cir. 2003).

In this case, plaintiff has not alleged any specific due process violation - only that he was "falsely imprisoned." The Declaration of Frank Serrano (#34), attachment 2, "Disciplinary Hearing Finding of Fact, Conclusion and Order," establishes that plaintiff was afforded all of the *Wolff v. McDonnell* due process rights. In addition, the confidential eyewitness testimony from three credible sources identifying plaintiff as his victim's assailant,[Supplemental Serrano Declaration attachments 1-3] more than satisfies the "some evidence" requirement.

There is no genuine disputed question of fact concerning plaintiff's claim against defendant Serrano and he is entitled to judgment as a matter of law.

Plaintiff alleges that defendant Hicks "lied about [his] rights to file grievances concerning c/o Caveness 2 years previous to this claim and as a result scared [plaintiff] into not filing other grievances against other officers involved in this fiasco." Complaint (#2) p. 4.

Plaintiff never filed a grievance against defendant

8 - FINDINGS AND RECOMMENDATION

Hicks, and therefor plaintiff's claim against her for the reasons discussed above (failure to exhaust administrative remedies). Moreover, because plaintiff alleges that Hicks lied to him "two years previous to this claim," plaintiff's claim is barred by the 2 year statute of limitations applicable to claims under 42 U.S.C. § 1983. See, <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1139 (9th Cir. 2002); <u>Cooper v. City of Ashland</u>, 871 F.2d 104, 105 (9th Cir. 1988); <u>Davis v. Harvey</u>, 789 F.2d 1332 (9th Cir. 1986).

Based on all of the forgoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#30) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this case with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the

9 - FINDINGS AND RECOMMENDATION

objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*An appeal from an order adopting this Findings and Recommendation or Judgment of Dismissal would be frivolous and not taken in good faith. Accordingly, plaintiff's in forma pauperis status should be revoked.*

DATED this 1 day of ~~November~~ December, 2014.

_____
Thomas M. Coffin
United States Magistrate Judge